UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A.,<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | No. 1:26-cv-01101-DC-EFB<br><br>FINDINGS AND RECOMMENDATIONS (ECF Nos. 1, 8) |

Petitioner is a noncitizen alien who was formerly detained in an immigration detention facility, who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. As discussed below, petitioner was ordered released in a preliminary injunction order entered in this matter earlier this year. Pending before the court is the petition, ECF No. 1, and respondents' motion to dismiss, ECF No. 8, which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 10. For the reasons set forth below, the undersigned recommends the petition be granted and respondents' motion be denied.

## BACKGROUND

### A. Factual Background

In his verified petition for writ of habeas corpus, petitioner alleges he is a native and citizen of India, who entered the United States without inspection in September 2024 seeking asylum. ECF No. 1 ¶ 20. At that time, he was detained by the Department of Homeland Security (DHS), then released on parole in November 2024. *Id.* He has since filed an application for

asylum, which is pending. *Id.* ¶¶ 21-22. On November 15, 2025, Immigration and Customs Enforcement officers arrested petitioner, without providing him notice, an opportunity to contest his detention, nor any form of predetention hearing. *Id.* ¶¶ 23-24.

In their response to the petition, respondents do not contest any of the factual representations petitioner made in the petition. ECF No. 8.

**B. Procedural Background**

Petitioner initiated this proceeding by filing a verified petition for writ of habeas corpus on February 9, 2026, ECF No. 1, and, the same day, filing motions to proceed via pseudonym and for temporary restraining order. ECF Nos. 2-3. On February 9, 2026, the district court ordered respondents to "substantively address whether there are any factual or legal issues in this case that materially distinguish it from the court's prior orders" in *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); and *D.L.C. v. Wofford, et al.,* 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). ECF No. 7. In response, on February 9, 2026, respondents filed a motion to dismiss, ECF No. 8, to which petitioner filed an opposition. ECF No. 9. On February 10, 2026, the district judge granted the motion for temporary restraining order for the reasons set forth in *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP; *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR; and *D.L.C.,* 1:25-cv-01996-DC-JDP; ordered respondents to release petitioner from their custody; enjoined respondents from redetaining petitioner without certain protections; and issued a preliminary injunction on the same terms. ECF No. 10. By the same order, the court referred the case to the undersigned. *Id.*; *see also* ECF No. 11. Neither party has filed any additional briefing, and the court considers the matter submitted.

**DISCUSSION**

For the reasons set forth in the Court's minute order granting the motion for temporary restraining order and issuing a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted on the first claim of his petition, that his detention pursuant to 8 U.S.C. §

1225(b)(2) violated the Immigration and Nationality Act, and on his second claim of the petition, that his re-detention without a custody hearing violated his rights to procedural due process under the Fifth Amendment. *See Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. 2025); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. 2025); *D.L.C. v. Wofford, et al.*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); *see also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) (holding that persons, like petitioner, who are apprehended in the interior of the United States are subject to the discretionary detention scheme codified at 8 U.S.C. § 1226(a), not the mandatory detention scheme set forth in § 1225(b)(2)). For the same reasons, the undersigned recommends respondents' motion to dismiss (ECF No. 8) be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on his first and second claims for relief.

2. The preliminary injunctive relief previously granted be made permanent.

3. Respondents' motion to dismiss (ECF No. 8) be denied.

4. All other pending motions, if any, be denied as moot.

4. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2026

Edmund F. Brennan

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE